

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL.

*overrule*
*V-483*

June 11, 1949

Hon. J. M. Falkner
Banking Commissioner
Austin, Texas

ATTN: H.L. Bengtson
Deputy Banking
Commissioner

Opinion No. V-842.

Re: Eligibility of the
State Treasurer to
act as trustee for
a corporation issu-
ing securities under
Article 1524a(V.C.S.).
Construction of a
proposed trust agree-
ment, and applicabil-
ity of Article 696
(V.C.S.).

Dear Sir:

You have requested the reconsideration of
Opinion No. V-483 by this office. Your original re-
quest is restated as follows:

"The Sam Houston Underwriters, Inc.
of Houston, Texas is a domestic corpora-
tion having been granted a charter by the
Secretary of State on July 3, 1947, with
Sub-Section 49 of Article 1302, Revised
Civil Statutes of Texas, as its purpose
clause and, by virtue of said powers, it
is under the general supervision of this
Department in accordance with the provis-
ions of Article 1524a, Revised Civil
Statutes of Texas.

"Said corporation now proposes to
issue and sell to the general public a
fifteen-year Maturity Underwriters Bond
subject to the provisions of Section 7
of Article 1524a, Revised Civil Statutes
of Texas, which provides for collateral-
ization of all outstanding bonds, notes,
certificates, debentures and other obli-
gations sold in Texas by securities of the
reasonable market value equaling at least
at all times the face value of such obli-
gations, which securities shall be placed

in the hands of a corporation having trust
powers approved by the Banking Commissioner
of Texas, as Trustee, under a trust agree-
ment or at the option of any such corpora-
tion which sells in Texas such obligations
as heretofore referred to, such corporation
may, upon application to and approval by the
Banking Commissioner, deposit securities
with the State Treasurer of Texas under a
trust agreement in lieu of such deposits
with a Trustee as set forth hereinabove.

"Subject corporation has submitted for
the Commissioner's approval its trust inden-
ture naming the State Treasurer as Trustee,
together with a specimen of the bond or ob-
ligation which it proposes to sell. We en-
close said instruments and, in connection
therewith, the following questions are sub-
mitted for your opinion:

"1. Are the terms and conditions of
the trust indenture such as to warrant the
approval thereof by the Banking Commissioner?

"2. Would the State Treasurer, by vir-
tue of his official capacity, be eligible to
act as Trustee under the terms of the submit-
ted trust indenture?

"3. Is the proposed bond considered to
be in legal form and does it come within the
class of instruments or obligations mention-
ed in Section 7 of Article 1524a, Revised
Civil Statutes of Texas? If so, would the
provisions of Article 696, Revised Civil
Statutes of Texas, also apply?"

You have also requested that if upon reconsid-
eration the bond referred to as being sold by the Sam
Houston Underwriters, Inc., is the type of obligation
requiring collateralization, we advise as to the amount
for which each bond is to be collateralized.

For the purpose of this opinion, questions (1)
and (2) are discussed and answered together.

The pertinent provisions of Section 7 of Arti-
cle 1524a, Vernon's Civil Statutes, are as follows:

"All bonds, notes, certificates, deben-
tures, or other obligations sold in Texas by
any corporation affected by a provision of
this Act shall be secured by securities of
the reasonable market value, equaling at least
at all times the face value of such bonds,
notes, certificates, debentures or other obli-
gations. If such corporation sells in Texas,
bonds, notes, certificates, debentures, or
other obligations upon which it receives in-
stallment payments, such bonds, notes, certi_
ficates, debentures and other obligations
shall be secured at all times by securities
having the reasonable market value equal to
the withdrawal or cancellation value of such
obligations outstanding. Said securities
shall be placed in the hands of a corporation
having trust powers approved by the Banking
Commissioner of Texas as Trustee under a trust
agreement, the terms of which shall be approv-
ed in writing by the Banking Commissioner of
Texas, or at the option of any such corpora-
tion which sells in Texas, bonds, notes, cer-
tificates, debentures, or other obligations
upon which it receives installment payments,
such corporation may upon application to, and
approval by, the Banking Commissioner of
Texas deposit securities having a reasonable
market value equal to the withdrawal or can-
cellation value of such obligations outstand-
ing with the State Treasurer of Texas in lieu
of such deposits with a Trustee as set forth
hereinabove, . . ." (Emphasis supplied.)

The underwriter's bond issued by the Sam
Houston Underwriters, Inc., is what is known as a "sin-
gle-payment" type of bond or obligation in that the en-
tire consideration for the sale thereof is payable at
the time of its delivery, and therefore is not the type
of bond referred to in Sec. 7 upon which the issuer re-
ceives a consideration "in installment payments."

Under the provisions of Section 7 above quot-
ed it is mandatory that the collateral securing the Un-
derwriters Bonds "be placed in the hands of a corpora-
tion having trust powers approved by the Banking Commis-
sioner of Texas as Trustee under a trust agreement, the
terms of which shall be approved in writing by the Bank-
ing Commissioner of Texas," and the State Treasurer in

his official capacity would not be eligible to act as Trustee.  If the Underwriters Bonds in question were sold upon the installment plan, then at the option of the Sam Houston Underwriters, Inc., the deposit of the collateral securities could be made with the State Treasurer in the manner and form provided by Section 7, but since the Underwriters Bonds in question are not being sold upon the installment plan but upon the "single-payment" plan, it is necessary that a corporation having trust powers approved by the Banking Commissioner as Trustee be appointed.  The terms and conditions of the trust indenture submitted, being predicated upon the eligibility of the State Treasurer to act as Trustee, do not warrant the approval thereof by the Banking Commissioner.  The answers to questions Nos. (1) and (2) are therefore in the negative.

Your third question is restated as follows:

"Is the proposed bond considered to be in legal form and does it come within the class of instruments or obligations mentioned in Section 7 of Article 1524a, Revised Civil Statutes of Texas?  If so, would the provisions of Article 697, Revised Civil Statutes, also apply?

The pertinent portions of Section 7 of Article 1524a, Vernon's Civil Statutes, are as follows:

"All bonds, notes, certificates, debentures, or other obligations sold in Texas by any corporation affected by a provision of this Act shall be secured by securities of the reasonable market value, equaling at least at all times the face value of such bonds, notes, certificates, debentures or other obligations."

*   *   *   *

"All bonds, notes, certificates, debentures, or other obligations, sold or offered for sale in Texas by such corporation shall definitely describe the character of collateral securing the payment of such obligation."

The foregoing provisions of Section 7 are mandatory that all bonds, notes, certificates, debentures, or other obligations sold in Texas by the Sam

Houston Underwriters, Inc., shall be secured by secur-
ities of the reasonable market value equaling at least
at all times the face value of such bonds--or other ob-
ligations.  Under the express provisions of the bond
in question, the issuer, Sam Houston Underwriters, Inc.,
is obligated to pay to the bondholder fifteen years
from the date of the bond the sum of $1,000.00 or more,
which shall consist of (A) $750.00 in cash; (B) 25 ful-
ly paid non-assessable shares of the capital stock of
Sam Houston Underwriters, Inc., valued for the purpose
of the bond at $250.00; and, (C) such annual bonuses
as may accrue to the bondholder under the other provis-
ions of the bond.  The company further obligates itself
within thirty days from the date of the bond to deliver
to the bondholder the 25 shares of stock referred to in
(B) above, and further obligates itself at any time af-
ter the end of the first year from the date of the bond
or at the end of any succeeding year thereafter, to pay
to the bondholder the cash surrender value thereof as
set forth in the table on page 3 of the bond, both of
which obligations are direct obligations of the issuer.

The issuer has a direct obligation to perform
all of the conditions imposed upon it under the terms of
the Underwriters Bond; and upon its failure to perform
any of such obligations, the issuer would be subject to
a judgment for the specific performance of such obliga-
tions or in lieu thereof; and in the event of its inabil-
ity to perform its obligation, to deliver the shares of
stock in question, it would be liable in damages for the
nonperformance of such obligation.

However, that part of the Underwriters Bond
(B) which provides for the twenty-five (25) fully paid
nonassessable shares of capital stock of the company,
herein valued at Two Hundred Fifty Dollars ($250.00) is
not an "other (direct) obligation" within the meaning
of Section 7, Article 1524a, which would require its
collateralization thereunder.  The term "other obliga-
tions" as used in Article 1524a means direct monetary
obligations of the issuer payable in fixed amounts, such
as bonds, notes, certificates and debentures. See Creasy
Corp. v. Enz Bros. Co., 177 Wis. 49, 187 N.W. 666 (1928).

It is therefore the opinion of this office that
the bond in question is such a bond or other obligation
of the Sam Houston Underwriters, Inc., which is required
to be collateralized under the provisions of Section 7,
Article 1524a, V.C.S.; and the failure to collateralize
these bonds by the issuer before offering them for sale
or selling them would subject the company to the penalty

prescribed in the last paragraph of Section 7, which would be the forfeiture of its charter and a receivership at the suit of the Attorney General brought at the request of the Banking Commissioner of the State of Texas.

The Underwriters Bond contains the following provision at the bottom of page 1:

"An amount equal to or in excess of the Guaranteed Cash Surrender Value of this Bond shall be invested in United States Government Bonds, First Mortgage Loans on real estate situated in the State of Texas and/or other securities which are qualified investment for the Capital Stock, Surplus and Reserve funds of an Old Line Legal Reserve Life Insurance Company and the said securities shall be deposited in Trust with the Treasurer of the State of Texas as required by the Banking Commissioner of the State of Texas for the benefit of the Bondholders. The securities herein referred to shall at all times have a reasonable market value equal to the guaranteed cash value of this and all other Bonds of this class outstanding."

thus complying with the provision of Section 7 last above quoted requiring a definite description of the character of collateral securing the payment of such obligation.

The proposed underwriter's bond is in legal form and comes within the class of instruments or obligations mentioned in Section 7 of Article 1524a, R.C.S. of Texas, and should be collateralized in accordance with the provisions of Section 7 for collateralization of a "single-payment" bond or other obligation. Since the Underwriters Bond is sold upon the "single-payment" plan and not upon the "partial-payment or installment plan," the provisions of Article 696, Title 21, Revised Civil Statutes, are not applicable.

Since it is the opinion of this office that the Underwriters Bond referred to is the type of obligation requiring collateralization as a "single-payment" bond or obligation, you request our opinion as to the amount for which said bond is to be collateralized.

While the face of the bond primarily calls
for the payment to the bondholder by the issuer of the
sum of $1,000.00 or more at the expiration of 15 years
from date thereof, nevertheless, upon the delivery to
the bondholder of the 25 shares of the capital stock
of the company at the agreed valuation of $250.00, that
part of the obligation of the issuer has been discharg-
ed, which leaves the obligation of the issuer in full
force and effect to pay at maturity date the sum of
$750.00 in cash, the "Guaranteed Maturity Value," plus
any bonuses received under clause (C), which are of no
fixed amount and may possibly be of no amount at all.
The terms of the bond also call for the payment to the
bondholder of certain sums listed under the guaranteed
cash surrender value on page 3 of the bond upon certain
eventualities.

The provisions of Section 7 which govern "sin-
gle-payment" bonds require that such bonds be secured by
securities of the reasonable market value equal at least
at all times the face value of such bond. The collater-
alization of bonds sold upon the installment plan re-
quires that such obligations shall be secured at all times
by securities having the reasonable market value equal to
the withdrawal or cancellation value of such obligations
outstanding. The words "withdrawal value" and "surrender
value" are synonymous and are applicable only to the col-
lateralization of bonds sold upon the installment plan
and not to the collateralization of bonds sold upon the
"single-payment" plan.

Hence the "face value" of the Underwriters Bond
which must be secured at all times by securities of the
reasonable market value thereof is $750.00; and the Bank-
ing Commissioner of Texas should require that each under-
writer's bond be collateralized by the deposit with the
Trustee of such securities as may be approved by him which
have a reasonable market value equivalent to that amount.

Opinion No. V-483, approved January 24, 1948, is
overruled.

## SUMMARY

The State Treasurer of Texas is not eli-
gible to act as Trustee for a corporation is-
suing bonds or other obligations under the
provisions of Art. 1524a, V.C.S., which are

not sold upon the partial-payment or installment plan.

The specimen bond submitted is a bond or other obligation of the issuer required to be collateralized under the provisions of Sec. 7, Art. 1524a, V.C.S., under a trust agreement or indenture entered into between the issuing corporation and a corporation having trust powers approved by the Banking Commissioner of Texas as Trustee under a trust agreement, the terms of which shall be approved in writing by the Banking Commissioner of Texas. Each bond so sold or offered for sale must be assured under such trust agreement or indenture by the deposit of securities of the reasonable market value equaling at least at all times the face value of such bond--in this case the sum of $750.00--which securities must be approved by the Banking Commissioner of Texas. Opinion No. V-485 is overruled.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By C. K. Richards

C. K. Richards
Assistant

CKR:wb

APPROVED:

Joe R. Greenhill

FIRST ASSISTANT
ATTORNEY GENERAL